UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Case: 1:15-cr-00044-JEB |
| v. | : | HON. JAMES E. BOASBERG |
| | : | |
| JAMAL A. ADAMS, also known as "ISHMEAL HERU-BEY," | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL

Comes now the United States of America, by and through undersigned counsel, and submits the following opposition to the Defendant's Motion for Release Pending Direct Appeal (Doc. # 61). This Court has entered a final judgment of conviction against the defendant based upon a jury's finding that he was guilty of corruptly endeavoring to obstruct the due administration of the Internal Revenue laws, in violation of 26 U.S.C. § 7212(a), and has sentenced him to 11 months of imprisonment. This Court should deny his motion for release on bond pending appeal because he has failed to establish the statutory prerequisites for such relief.

**Legal Standard**

The statutory provision governing bond pending appeal, 18 U.S.C. § 3143(b), presumes that a defendant's conviction is valid and that a defendant should be detained without bond. "[t]he law has shifted from a presumption of release to a presumption of valid conviction," United States v. Perholtz, 836 F.2d 554, 556 (D.C. Cir. 1988). A District Court must detain a defendant who has been found guilty of an offense and sentenced to a term of imprisonment pending the defendant's appeal unless the defendant overcomes the presumption by showing:

1

    (1)    by clear and convincing evidence, that the defendant is not likely to flee or to pose a danger to the safety of any other person or to the community if released;

    (2)    that the defendant's appeal is not for the purpose of delay;

    (3)    that the appeal raises a substantial question of law or fact; and

    (4)    that resolution of this question is likely to result in

        (i) reversal of all counts of conviction on which imprisonment has been imposed,

        (ii) an order for new trial of all counts on which imprisonment has been imposed,

        (iii) a sentence that does not include a term of imprisonment, or

        (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

The defendant bears the burden of rebutting the presumption of detention. United States v. Libby, 498 F.Supp.2d 1, 3 (D.D.C. 2007). See also United States v. Shoffner, 791 F.2d 586, 589 (7th Cir.1986) (it is defendant's burden to demonstrate "that he has a substantial question to present [upon appeal] before he may be admitted to bail").

The defendant has not shown that his appeal will raise a substantial question of law or fact, as required by 18 U.S.C. § 3143(b)(1)(B). In Perholtz, the District of Columbia Circuit held that an issue is "substantial" for § 3143(b) purposes if it "is a close question or one that very well could have been decided the other way." 836 F.2d at 555 (internal quotations omitted). If this Court cannot make such a finding, it must order that the defendant be detained. 18 U.S.C. § 3143(b)(2).

**Argument**

The defendant has failed to meet his burden of rebutting § 3143's presumption of detention because he has not established that his appeal will raise a substantial question of law or fact. The defendant cursorily claims that his appeal will "challenge the Court's ruling that he waived his right to require a unanimity instruction pertaining to the different elements through which the jury could find that Mr. Heru-Bey endeavored to obstruct or impede the due administration of the IRS." Doc. # 61 at 2. In a related vein, the defendant says he "will further challenge the Court's ruling that unanimity is not required as a matter of substantive or constitutional law." Id. Of course, this Court has already considered these claims in the context of the defendant's motion for a new trial and disposed of them in its thorough Memorandum Opinion of December 15, 2015. See Doc. # 47.

Applying careful reasoning, this Court determined that the defendant forfeited his chance to ask for a specific unanimity instruction by failing to do so at the proper time:

> It is beyond dispute, nonetheless, that he never asked for such an instruction. And, as the Government points out, the rules require that "[a] party who objects to any portion of the instruction or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate." Fed. R. Crim. P. 30(d) (emphasis added) . . .

Doc. 47 at 6 (quoting United States v. Olano, 507 U.S. 725, 733 (1993) (distinguishing waiver from forfeiture). As for the defense's assertion that somehow the jury's question on another topic entitled the defendant to another chance to ask for a specific unanimity instruction, this Court correctly observed that

> the note never actually posed the unanimity question. In other words, the note did not inquire whether all jurors had to agree on a particular means; instead, it simply asked whether they had to find Defendant had employed all means. That is a separate question. As the Court characterized the note at the trial: "[T]here is no issue on unanimity within means. It's just whether they need to agree on all the

3

> means." Tr. at 2:17-18. Since the note did not request or require the Court to revisit the unanimity question, it had no obligation to do so.

Id. Accordingly, this Court rightly concluded that the defendant's prior forfeiture of the issue was dispositive of his claim. See id. The Court went on to find that "even if Heru-Bey is right that his urging of a unanimity instruction in response to the jury note vitiated any prior forfeiture, he still cannot prevail because such an instruction was not required." Id. at 7.

The defendant's motion for bail pending appeal offers no additional case law to support the proposition that a specific unanimity instruction was required in this case. The Court has already rejected his previous argument that the unpublished case of United States v. Wood, 384 Fed. App'x 698 (10th Cir. 2010), should be read as requiring such an instruction. In that case, in which the defendant was on trial for violating 26 U.S.C. § 7212(a), the district court gave a specific unanimity instruction. However, as this Court has noted, the issue before the Tenth Circuit in Wood was not specific unanimity, but rather whether a mere failure to file tax returns, without additional misconduct, could support a conviction under § 7212(a). Id. at 708. Just as this Court was not persuaded by the defense citation to Wood when he presented it in support of his motion for new trial, it is not at all likely that the D.C. Circuit will rely on an unpublished case from a different circuit when dealing with a different issue to overrule this Court on the merits.

Rather, even if the D.C. Circuit were to overrule this Court regarding forfeiture of the issue, it will likely be persuaded by the squarely-on-point published opinion of the Tenth Circuit in United States v. Sorensen, 801 F.3d 1217 (10th Cir. 2015). In Sorensen, which was decided after Wood, the Tenth Circuit held that it was error for a trial court to give a specific unanimity instruction

4

as to the <u>means</u> by which the defendant corruptly endeavored to obstruct the IRS where the allegation in the indictment was that the defendant employed certain means "among others" as part of his corrupt endeavor. <u>Id</u>. at 1237. As this Court has noted, Count One of the Superseding Indictment in the present case likewise alleged that the defendant acted "by various means, including, but not limited to, the following . . . ." Doc. # 47 at 8.

This Court amply supported its reasoning on the impropriety of a specific unanimity requirement by citation to <u>Richardson v. United States</u>, a continuing criminal enterprise case charged under 21 U.S.C. § 848. 526 U.S. 813 (1999). In <u>Richardson</u>, the Supreme Court distinguished elements of offenses from the means by which such elements are accomplished, holding that "a federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime." <u>Id</u>. at 817. While a jury must be unanimous about the elements of an offense, it typically does not need to agree regarding the means. <u>Id</u>. This Court also cited <u>United States v. Daniel</u>, 749 F.3d 608, 614 (7th Cir. 2014), in which the Seventh Circuit upheld a district court's denial of request by defendant charged with schemes to defraud for a unanimity instruction regarding specific fraudulent representation because such representations "were merely the means he used to commit an element of the crime." Doc. # 47 at 9.

Under <u>Perholtz</u>, an appellate issue is "substantial" for § 3143(b) purposes if it "is a close question or one that very well could have been decided the other way." 836 F.2d at 555. In light of the absence of case law in the D.C. Circuit regarding the need for a specific unanimity instruction, the Tenth Circuit's holding in <u>Sorensen</u>, and the case law in other circuits regarding unanimity on the means by which a crime was committed, the defendant has not met his burden

of showing that the issue he seeks to raise on appeal in a substantial one because it is not "a close question or one that very well could have been decided the other way."

Moreover, even if the D.C. Circuit were to find that failure to give the specific unanimity instruction was error, such an error would likely be subject to harmless error analysis under Federal Rule of Criminal Procedure 52(a). See e.g., United States v. Souffront, 338 F.3d 809, 835-36 (7th Cir. 2003) (failure to instruct jury that it must reach a unanimous conclusion on each violation composing a continuing criminal enterprise charge held harmless error); United States v. Green, 293 F.3d 886, 890 (5th Cir. 2002) (failure to instruct jury that it must reach a unanimous conclusion on each violation composing a continuing criminal enterprise charge held harmless error); United States v. Russell, 134 F.3d 171, 176, 180 (3d Cir. 1998) (failure to instruct jury on specific unanimity subject to harmless error analysis). Given the strength of the government's proof at trial, which is summarized in the Government's Opposition to Defendant's Motion for New Trial (Doc. # 43 at 9-10), the jury had ample evidence to unanimously find, beyond a reasonable doubt, that the defendant committed each of the acts alleged in Count One. Thus, even if the D.C. Circuit were to ultimately conclude that it was error to refuse a supplemental instruction on specific unanimity, this Court's ruling would constitute harmless error because it did not affect the defendant's substantial rights and the defendant's conviction would stand.

Finally, in passing, the defendant notes that on appeal he "may also challenge," under Batson v. Kentucky, 476 U.S. 79 (1986), this Court's finding that the government presented non-discriminatory explanations for its exercise of peremptory strikes of some potential jurors. Doc. # 61 at 3. Beyond the bare mention of Batson, the defendant cites no cases and points to no facts of any kind to the effect that the Court's rulings during jury selection were clearly erroneous.

With no argument on this point, the defendant has supplied the Court with no basis to find it a "close question" under Perholtz as to whether the D.C. Circuit will find "clear error" in jury selection. See Snyder v. Louisiana, 552 U.S. 472, 477 (2008) (declaring the standard that a trial court's ruling on the issue of discriminatory intent "must be sustained unless it is clearly erroneous"). Accordingly, the defendant's cursory invocation of Batson does not meet his burden of raising a "substantial issue" under § 3143(b)(2).

**Conclusion**

For the reasons stated above, the defendant has failed to demonstrate that his appeal will raise a substantial issue of law or fact and therefore has failed to rebut the presumption of detention. The Court should accordingly deny his Motion for Release Pending Direct Appeal.

Respectfully submitted,

CAROLINE D. CIRAOLO
Acting Assistant Attorney General,
U.S. Department of Justice
Tax Division

By: /s/ Jeffrey A. McLellan
Jeffrey A. McLellan
Trial Attorney
U.S. Department of Justice
Tax Division
P.O. Box 972
Washington, DC 20044
Telephone: (202) 514-5181
Jeffrey.a.mclellan@usdoj.gov
Fax: (202) 514-8455

CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2016, a copy of the foregoing document has been sent via electronic case filing to counsel for the defendant.

                                            /s/ Jeffrey A. McLellan
                                            Trial Attorney